Donatien Matondo MANDUDIS, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States; William Cleary, Field Office Director of Deportation and Removal Buffalo District, Immigration and Customs Enforcement; United States Department of Homeland Security, Respondents.

No. 05–2917–AG.

United States Court of Appeals, Second Circuit.

July 14, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney, Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of 45 Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED, that the petition for review is GRANTED, the BIA's decision is

38

VACATED, and the case is REMANDED to the BIA.

Donatien Matondo Mandudis, through counsel, petitions for review of the BIA order summarily affirming the decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ was unreasonable in basing his adverse credibility finding on the fact that Mandudis was unsure of who arrested him, and Mandudis' failure to discuss a political motive for his detentions. First, Mandudis testified that he was arrested by the Sassou military. Second, Mandudis did testify that, during his detentions, he was asked questions such as to which political party he belonged, whether he contributed money to the party, and whether his mother and brothers were members of the same party. Moreover, the record shows that the IJ did not sufficiently probe Mandudis for further details, seeking to draw out inconsistencies; therefore, Mandudis' testimony does not support the IJ's adverse credibility finding. *See, e.g., Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003).

Moreover, while an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. *Cf. Xiao Ji Chen v. Dep't of Justice*, 434 F.3d 144, 159 n. 12 (2d Cir. 2006) (upholding implausibility finding); *with Secaida–Rosales v. INS*, 331 F.3d 297, 309–10 (2d Cir.2003) (holding implausibility findings to be speculative). Here, the IJ's finding that Mandudis would have been able to firmly resettle in Hungary was unduly speculative; there is no record evidence indicating whether Mandudis would have been able to achieve firm resettlement there based on his previous studies.

Finally, the IJ was unreasonable in finding that Mandudis failed to adequately corroborate his claims. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen*, 434 F.3d at 164 (presenting the latter situation); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004) (same). However, while a failure to corroborate may, on its own, lead to a claim's denial based on sufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Here, the other bases for the IJ's adverse credibility determination are not reasonable, and the lack of corroborating evidence is not sufficient, on its own, to support that determination. Thus, the IJ's decision is not substantially supported by the record as a whole.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.